**ARNOLD & PORTER LLP**
399 Park Avenue
New York, NY 10022-4690
Tel. No. (212) 715.1000
Fax No. (212) 715.1399

07-1098

**SEDGWICK, DETERT, MORAN & ARNOLD LLP**
Three Gateway Center – 12th Floor
Newark, New Jersey 07102
Tel. No. (973) 242-0002
Fax No. (973) 242-8099

**R E C E I V E D**

**JUL 0 1 2010**

AT 8:30_____M
WILLIAM T. WALSH
CLERK

Attorneys for Defendants, Bristol-Myers Squibb
Company, Sanofi-Aventis U.S., L.L.C., Sanofi-Aventis
U.S., Inc., and Sanofi-Synthelabo, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HALL, DOROTHY AND THOMAS,<br><br>                                    Plaintiffs,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>SANOFI-AVENTIS U.S. L.L.C., SANOFI-<br>AVENTIS U.S., INC., SANOFI-<br>SYNTHELABO, INC.,<br><br>                                    Defendants. | Civil Action No.: 3:06-cv-05203 (FLW-TJB)<br><br>**STIPULATED DISCOVERY<br>CONFIDENTIALITY ORDER** |
| LABARRE, ELOISE, As Surviving Spouse<br>and Administratrix of the Estate of EDWARD<br>CLYDE LABARRE, Deceased,<br><br>                                    Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY, et<br>al.,<br><br>                                    Defendants. | Civil Action No.: 3:06-cv-06050 (FLW-TJB) |
| MOSCINSKI, DAVID AND SHARON,<br><br>                                    Plaintiffs,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY, et<br>al.,<br><br>                                    Defendants. | Civil Action No.: 3:06-cv-6055 (FLW-TJB) |

| | |
|---|---|
| BEGLEY, PATRICIA,<br><br>                   Plaintiff,<br>vs.<br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br>                   Defendants. | Civil Action No.: 3:06-cv-6051 (FLW-TJB) |
| NABER, MICHAEL,<br><br>                   Plaintiff,<br>vs.<br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br>                   Defendants. | Civil Action No.: 3:06-cv-06269 (FLW-TJB) |
| BUNTING, LLOYD AND THELMA,<br>                   Plaintiffs,<br>vs.<br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br>                   Defendants. | Civil Action No: 3:06-cv-6052 (FLW-TJB) |
| SMITH, ORVILLE,<br><br>                   Plaintiff,<br>vs.<br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br>                   Defendants. | Civil Action No.: 3 :06-cv-06053 (FLW-TJB) |
| ROBINSON,     CONSTANCE,   As<br>Surviving Spouse and Administratrix of<br>the Estate of LEONARD ROBINSON,<br>Deceased,<br>                   Plaintiff,<br>vs.<br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br>                   Defendants. | Civil Action No.: 3:07-cv-0267 (FLW-TJB) |

| | |
|---|---|
| BARGE, PHILLIP,<br><br>                       Plaintiff,<br>vs.<br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br>                       Defendants. | Civil Action No.: 3:07-cv-00783 (FLW-TJB) |
| COOPER, DEMPSEY EUGENE,<br><br>                       Plaintiff,<br>vs.<br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br>                       Defendants. | Civil Action No.: 3:07-cv-885 (FLW-TJB) |
| ADKINS, JAMES,<br><br>                       Plaintiff,<br>vs.<br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br>                       Defendants. | Civil Action No.: 3:07-cv-901 (FLW-TJB) |
| MATTSON, SHARON,<br><br>                       Plaintiff,<br>vs.<br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br>                       Defendants. | Civil Action No.: 3:07-cv-908 (FLW-TJB) |
| GONZALEZ, ERIBERTO,<br><br>                       Plaintiff,<br>vs.<br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br>                       Defendants. | Civil Action No.: 3:07-cv-00902 (FLW-TJB) |

| | |
|---|---|
| CARR-DAVIS, JULIA, Individually and as Administratrix of the Estate of Ralph R. Carr, Deceased,<br><br>     Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY, et al.,<br><br>     Defendants. | Civil Action No.: 3:07-cv-1098 (FLW-TJB) |
| MONEY, DALE,<br><br>     Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY, et al.,<br><br>     Defendants. | Civil Action No.: 3:07-cv-1100 (FLW-TJB) |
| RUTLEDGE, BILLY,<br><br>     Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY, et al.,<br><br>     Defendants. | Civil Action No.: 3:07-cv-1099 (FLW-TJB) |
| MAYBERRY, JERRY,<br><br>     Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY, et al.,<br><br>     Defendants. | Civil Action No.: 3:07-cv-942 (FLW-TJB) |
| SOLOMON, RONALD W.,<br><br>     Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY, et al.,<br><br>     Defendants. | Civil Action No.: 3:07-cv-1102 (FLW-TJB) |

| | |
|---|---|
| BOOTH, LORAINE,<br><br>                                   Plaintiffs,<br>vs.<br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br>                                   Defendants. | Civil Action No.: 3:07-cv-01180 (FLW-TJB) |
| GOLDENBOGEN, ROGER,<br><br>                                   Plaintiff,<br>vs.<br>BRISTOL-MYERS SQUIBB COMPANY, et<br>al.,<br>                                   Defendants. | Civil Action No.: 3:07-cv-01188 (FLW-TJB) |
| NEWELL, GWENDOLYN,<br><br>                                   Plaintiff,<br>vs.<br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br>                                   Defendants. | Civil Action No.: 3:07-cv-01184 (FLW-TJB) |
| STREET, JOHN,<br><br>                                   Plaintiff,<br>vs.<br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br>                                   Defendants | Civil Action No.: 3:07-cv-01182 (FLW-TJB) |
| DAWKINS, JR., GEORGE,<br><br>                                   Plaintiff,<br>vs.<br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br>                                   Defendants. | Civil Action No.: 3:07-cv-01186 (FLW-TJB) |

## STIPULATED DISCOVERY CONFIDENTIALITY ORDER

THIS MATTER having been presented to the Court on the joint submission of Plaintiffs

and Defendants seeking entry of a Stipulated Discovery Confidentiality Order to limit the

disclosure of certain confidential information, as set forth below, and the Court having

considered the parties' application, IT IS hereby

### ORDERED that

1.     Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive, technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3.

2.     Any party to this litigation or any third-party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL — SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential") or shall otherwise clearly identify the material as Confidential.

3.     For the purposes of this Order, "protected health information" or "PHI" shall have the same scope and definition as set forth in 45 CFR §160.103. Consistent with 45 CFR §164.512(e), any records containing PHI shall be subject to this Order and shall be used by the parties or their representative(s) only for the purposes of litigating this action, including any subsequent appeals, and shall not be disclosed by the parties or their representative(s) to the public or any other person or entity for any reason other than litigating this action, including any subsequent appeals. The parties also agree to return the PHI to the covered entity or to destroy the PHI (including all copies made) at the conclusion of this action, including any subsequent appeals.

4.     All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 5, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the

Case 3:06-cv-06052-FLW-TJB   Document 49-2   Filed 06/10/10   Page 8 of 18

content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

5.     Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

a.     Outside counsel in the above-referenced actions (herein defined as any attorney at the parties' outside law firms) and in-house counsel for the parties involved with or responsible for the above-referenced actions;

b.     Experts or consultants retained for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c.     Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.     The Court and court personnel;

e.     Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, or was both involved in the subject matter described therein and employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f.     Plaintiffs' treating physicians at depositions, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A. This paragraph is without prejudice to the producing party's right to seek appropriate relief from the Court to the extent it objects to such disclosure under the particular circumstances. To the extent any treating physician declines to sign a non-disclosure agreement, the parties will confer in good faith in an attempt to resolve the issue and, to the extent necessary, seek appropriate relief from the Court;

g.     Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A; and

h.     The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

6.     Confidential material shall be used only by individuals permitted access to it under Paragraph 5. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel

for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

7.      With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties.  No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5(a), (b), (c), (d) and (f) above during said thirty (30) days.  Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4 and 5.

8.      If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

        a.      Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe by bates number the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within ten (10) days, or within such time as the parties agree or the court directs if additional time is sought, and shall state with particularity the grounds for asserting that the document or information is Confidential.  If no timely response is made to the objection, the challenged designation will be deemed to be void.  If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

        b.      If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, within 30 days of the initial challenge, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(I), before filing a formal motion for an order regarding the challenged designation.  The document or information that is the subject of the filing shall be treated as Confidential pending resolution of the dispute.

9.      All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

10.     If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential information, it may do so only after giving notice to the producing party and as directed by the Court.

11.     To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.

      a.     Upon the discovery of an inadvertent or unintentional disclosure, such disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after discovery.  Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

      b.     In order to prevent the disclosure of inadvertently produced Confidential information, before disclosing any information or documents produced by parties in discovery in these cases to anyone not listed in paragraph 5, irrespective of whether such information or documents are marked Confidential, the non-producing party must first notify counsel for the producing party of the intent to disclose under the procedures identified for objecting to Confidential designations in paragraph 8.  Such material shall not be disclosed unless and until the producing party either does not object to such disclosure within the time specified in paragraph 8 or any dispute about the confidentiality of the material is resolved in accordance with paragraph 8.  The requirement for notification under this paragraph does not apply to information or documents, not marked Confidential, that are filed with the Court in connection with these cases, documents which on their face are publicly available, or documents which have been deemed or determined to be non-confidential pursuant to the procedure set forth in paragraph 8 herein.

12.     When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity.  However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege, if appropriate, within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13.     No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

14.     This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This Discovery

Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15.     This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

16.     Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order.  To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

So ORDERED.

By: _____

Hon. Tonianne J. Bongiovanni, U.S.M.J.

The parties hereby stipulate and agree to the provisions above on this __31st__ day of ~~June~~, 2010.

July

[It is further ordered that the clerk of this court terminate this motion, docket entry No. 46, accordingly]

5

So stipulated and agreed:

By: _____
Nancy Hersh, Esq.
Hersh & Hersh
601 Van Ness Avenue,
Suite. 2080
San Francisco, CA 94102

*Attorney for Plaintiffs*

By: _____
Michele A. DiMartino
The Miller Firm, LLC
2 Bala Plaza
Suite 603
Bala Cynwyd, PA 19004
Phone: (610) 660-0622
Fax: (610) 660-0628

*Attorneys for Plaintiffs*

By: _____
Anand Agneshwar
Arnold & Porter LLP
399 Park Avenue
New York, NY
Phone: (212) 715-100
Fax: (212) 715-1399

*Attorneys for Defendants*
*Bristol-Myers Squibb Company, Sanofi-Aventis*
*U.S., L.L.C., SanofiAventis U.S., Inc., and Sanofi-*
*Synthelabo, Inc.*

By: _____
Martin Healy, Esq.
Sedgwick, Detert, Moran & Arnold LLP
Three Gateway Center
12th Floor
Newark, NJ 07102
Phone: (973) 242-0002
Fax: (973) 242-8099

*Attorneys for Defendants*
*Bristol-Myers Squibb Company, Sanofi-Aventis*
*U.S., L.L.C., SanofiAventis U.S., Inc., and*
*SanofiSynthelabo, Inc.*

6

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HALL, DOROTHY AND THOMAS,<br><br>                   Plaintiffs,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY, SANOFI-AVENTIS U.S. L.L.C., SANOFI-AVENTIS U.S., INC., SANOFI-SYNTHELABO, INC.,<br><br>               Defendants. | Civil Action No.: 3 :06-cv-05203 (FLW-TJB) |
| LABARRE, ELOISE, As Surviving Spouse and Administratrix of the Estate of EDWARD CLYDE LABARRE, Deceased,<br><br>               Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY, et al.,<br><br>               Defendants. | Civil Action No.: 3 :06-cv-06050 (FLW-TJB) |
| MOSCINSKI, DAVID AND SHARON,<br><br>               Plaintiffs,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY, et al.,<br><br>               Defendants. | Civil Action No.: 3:06-cv-6055 (FLW-TJB) |
| BEGLEY, PATRICIA,<br><br>               Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY, et al.,<br><br>               Defendants. | Civil Action No.: 3:06-cv-6051 (FLW-TJB) |

Case 3:06-cv-06052-FLW-TJB   Document 49-2   Filed 06/10/10   Page 14 of 18

| | |
|---|---|
| NABER, MICHAEL,<br><br>                          Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br><br>                          Defendants. | Civil Action No.: 3:06-cv-06269 (FLW-TJB) |
| BUNTING, LLOYD AND THELMA,<br><br>                          Plaintiffs,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br><br>                          Defendants. | Civil Action No: 3:06-cv-6052 (FLW-TJB) |
| SMITH, ORVILLE,<br><br>                          Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br><br>                          Defendants. | Civil Action No.: 3 :06-cv-06053 (FLW-TJB) |
| ROBINSON,      CONSTANCE,     As<br>Surviving  Spouse  and  Administratrix of<br>the  Estate  of  LEONARD  ROBINSON,<br>Deceased,<br><br>                          Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br><br>                          Defendants. | Civil Action No.: 3:07-cv-0267 (FLW-TJB) |
| BARGE, PHILLIP,<br><br>                          Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br><br>                          Defendants. | Civil Action No.: 3:07-cv-00783 (FLW-TJB) |

Case 3:00-cv-00052-FLW-TJB   Document 49-2   Filed 06/10/10   Page 15 of 18

| | |
|---|---|
| COOPER, DEMPSEY EUGENE,<br><br>                              Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br><br>                              Defendants. | Civil Action No.: 3:07-cv-885 (FLW-TJB) |
| ADKINS, JAMES,<br><br>                              Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br><br>                              Defendants. | Civil Action No.: 3:07-cv-901 (FLW-TJB) |
| MATTSON, SHARON,<br><br>                              Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br><br>                              Defendants. | Civil Action No.: 3:07-cv-908 (FLW-TJB) |
| GONZALEZ, ERIBERTO,<br><br>                              Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br><br>                              Defendants. | Civil Action No.: 3:07-cv-00902 (FLW-TJB) |
| CARR-DAVIS, JULIA, Individually and as<br>Administratrix of the Estate of Ralph R.<br>Carr, Deceased,<br><br>                              Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br><br>                              Defendants. | Civil Action No.: 3:07-cv-1098 (FLW-TJB) |

| | |
|---|---|
| MONEY, DALE,<br><br>                              Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br><br>                              Defendants. | Civil Action No.: 3:07-cv-1100 (FLW-TJB) |
| RUTLEDGE, BILLY,<br><br>                              Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br><br>                              Defendants. | Civil Action No.: 3:07-cv-1099 (FLW-TJB) |
| MAYBERRY, JERRY,<br><br>                              Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br><br>                              Defendants. | Civil Action No.: 3:07-cv-942 (FLW-TJB) |
| SOLOMON, RONALD W.,<br><br>                              Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br><br>                              Defendants. | Civil Action No.: 3:07-cv-1102 (FLW-TJB) |
| BOOTH, LORAINE,<br><br>                              Plaintiffs,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br><br>                              Defendants. | Civil Action No.: 3:07-cv-01180 (FLW-TJB) |
| GOLDENBOGEN, ROGER,<br><br>                              Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY, et<br>al.,<br><br>                              Defendants. | Civil Action No.: 3:07-cv-01188 (FLW-TJB) |

Case 3:06-cv-06052-FLW-TJB   Document 49-2   Filed 06/10/10   Page 17 of 18

| | |
|---|---|
| NEWELL, GWENDOLYN,<br><br>                                  Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br><br>                                  Defendants. | Civil Action No.: 3:07-cv-01184 (FLW-TJB) |
| STREET, JOHN,<br><br>                                  Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br><br>                                  Defendants | Civil Action No.: 3:07-cv-01182 (FLW-TJB) |
| DAWKINS, JR., GEORGE,<br><br>                                  Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>et al.,<br><br>                                  Defendants. | Civil Action No.: 3:07-cv-01186 (FLW-TJB) |

## AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER

I, _____, being duly sworn, state that:

     1.     My address is _____.

     2.     My present employer is _____and the address of my present employment is _____.

     3.     My present occupation or job description is _____.

     4.     I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

     5.     I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

     6.     I will limit use of Confidential Material disclosed to me solely for purpose of this action.

     7.     No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained, or destroy such material.

     I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____   _____

                                             [Name]